## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH MOORE<br>2793 N. Charlotte Street<br>Gilbertsville, PA 19525<br><br>      Plaintiff,<br><br>      v.<br><br>LOWER FREDERICK TOWNSHIP<br>53 Spring Mount Road<br>Schwenksville, PA 19473<br>      and<br>PAUL E. MAXEY, *in his individual Capacity*<br>53 Spring Mount Road<br>Schwenksville, PA 19473<br><br>      Defendants. | CIVIL ACTION<br><br>No.:<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Joseph Moore (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1.   Plaintiff initiates this action to redress violations by Defendants of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq*.), 42 U.S.C. § 1981, the Pennsylvania Whistleblower Law (the "PWL" - 43 P.S. §§ 1421 *et. seq*.), First-Amendment protections, and the Pennsylvania Human Relations Act ("PHRA - 43 Pa. C.S. §§ 951 *et. seq*.).[1]

---

[1] Reference to Title VII and the PHRA is made herein in this Introduction Section *for notice purposes only*. Plaintiff's administrative remedies are not fully exhausted for proceeding under such claims yet (proceeding before the EEOC and PHRC respectively). Thus, such claims are excluded in the count-section of this Complaint. Plaintiff will move to amend the instant lawsuit to include claims under Title VII and the PHRA following administrative exhaustion (or waiver of exhaustion by Defendants).

Plaintiff asserts herein that he was unlawfully terminated from his employment with Defendants in violation of these laws and seeks damages as set forth more fully herein.

## II.     Jurisdiction and Venue

2.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. State of Washington</u>, 326 U.S. 310 (1945) and its progeny.

3.      This action is initiated pursuant to a federal law(s). The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as his federal claims herein.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.     Parties

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult who resides at the above-captioned address.

7.      Lower Frederick Township ("Defendant Township") is a township in Montgomery County, Pennsylvania. This municipality occupies approximately 8 square miles.

8. Paul E. Maxey (hereinafter "Defendant Maxey) is the current Chief of Police for Defendant Township.

9. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

### IV. Factual Background

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant Township effective on or about June 3, 2019; and in total, Plaintiff was employed for approximately one (1) year until termination (as discussed *infra*).

12. Defendant Township occupies approximately an 8-square-mile radius, has a population of around 5,000 residents, and - from a demographic's standpoint – its municipality is approximately ninety-five percent (95%) Caucasian (with very little minority or diversity representation).

13. Defendant Township's Police Department has and remains relatively small, ranging from approximately 4-5 police officers (inclusive of Chief) at varying times of year(s).

14. Plaintiff was hired into the role of Police Officer within Defendant Township's Police Department. As of Plaintiff's hire, Plaintiff was extremely dedicated to public service, as: (a) he was (and remains) a Marine (also having worked within the military police); (b) had been a police officer for the Portage, Michigan Department of Public Safety; and (c) had been a police officer in the City of Washington, Pennsylvania.

15. As of hire in June of 2019, Plaintiff was an accomplished professional with significant experience in law enforcement.

16. Paul E. Maxey ("Defendant Maxey") has been the Chief of Police for a long time within Defendant Township. He is a Caucasian male, like Plaintiff and all other members of Defendant Township's police department. And Maxey, due to the limited size of Defendant Township's police department: (a) oversees scheduling; (b) micromanages police officers; and (c) is involved in all meaningful operational and police-personnel decision-making.

17. Upon joining Defendant Township's police department, Plaintiff anticipated a well-organized, professional, and ethical body of law enforcement. To the contrary, Plaintiff joined a police department whereby: (a) Defendant Maxey was overtly discriminatory; (b) abusive; and (c) conducted the department in a completely unprofessional manner at times using his powers for retaliatory purposes (all as outlined further below).

18. Defendant Maxey is extremely reckless, unscrupulous, and engaged in the following types of (unlawful) <u>discriminatory</u> actions while Plaintiff was a police officer for approximately a year under Defendant Maxey's command:

> (1) Defendant Maxey often made racist or ethnically discriminatory comments. By way of example(s), he referred to Plaintiff's own sister as a "traitor" to the US because she converted to Islam, among other offensive comments. He told Plaintiff not to take or investigate a complaint of a Chinese store owner because "they are dirty, and brought the virus here," among other discriminatory comments (while directing Plaintiff to investigate non-Asian concerns). He referred to Italians as Dagos (an ethnic slur). He made negative comments about another police department hiring an African American police officer, as he didn't believe that should have been done (based solely upon race). Racially offensive comments or gestures by Defendant Maxey were the norm, made by him usually at least once a week (or more), and they were very offensive. The contents of this paragraph are intended merely to provide just *some* examples of many.
>
> (2) Defendant Maxey made many sexist comments. He regularly degraded a former female police officer (Meghan Burns) who, upon information and belief,

pursued legal action (in the past) against Defendants. Defendant Maxey openly commented or stated: (a) he should not have hired a woman; (b) this department will never hire any more women; and (c) that women should not be police officers. He conveyed various iterations of these gender-discriminatory statements and comments at least 1-2 times per month.

19. The aforesaid types of discriminatory actions, gestures, directives and comments were made about former police personnel, people affiliated with police departments, and about citizenry in the communities. Plaintiff formed the opinion that Defendant Maxey is racist and sexist, as would any objective person. And Defendant Maxey has and continues to maintain an all-white, male police department (clearly reflective of his discriminatory views).

20. In addition to unlawful discrimination, Defendant Maxey also engaged in the following types of unlawful actions and directives:

(1) Defendant Maxey clearly and unequivocally required ticket / arrest quotas. He knew, as does any police officer, that such quotas are *per se* illegal in the Commonwealth of Pennsylvania. *See* 71 P.S. § 2001. To circumvent the law and clear jurisprudence prohibiting quotas (unlawfully and unconstitutionally), he still mandated quotas but referred to them as ***required "contacts"*** wherein he then threatened discipline if such contacts did not result in ticketing / arrest. Defendant Maxey's conduct was knowing, intentional, and an abuse of authority (in addition to be being illegal and unconstitutional).

(2) Defendant Maxey intentionally engaged in a 42 U.S.C. § 1983 violation of an individual to be free (constitutionally) from excessive force used against him or her. LauraJean Hoover was arrested. She unquestionably has a criminal history and is legitimately a (non-violent) recidivist offender. She had been arrested for DUI. Plaintiff was present when one of Hoover's handcuffs had come off. She did not attempt to flee, move, or engage in any obstructionist behavior. Defendant Maxey nonetheless approached her, grabbed her by the throat and violently slammed her face onto the bench upon which she was sitting. This was contemporaneous to Defendant Maxey calling her a "cunt," "bitch," "trailer trash," and other offensive names in the presence of her 3-year-old child whom Plaintiff was trying to care for and shield during the incident(s).

21. The above examples *are just that*, examples. These unlawful actions and directives are <u>not</u> intended to be an all-inclusive list. Other improper (and in Plaintiff's opinion, illegal) directives were given too. Defendant Maxey by way of further example directed Plaintiff to target

and take certain actions against individuals in the community <u>without</u> reasonable suspicion or probable cause of wrongdoing, *but to find a rationale* for arrest and/or for incarceration.

22.     In sum, Defendant Maxey lacks the appropriate temperament to be in the position of Chief, among other qualities. He screams, yells, acts abusively, attempts to intimidate, and has been the recipient of <u>numerous</u> police officer complaints internally (and through legal mechanisms). He further lacks regard for appropriate legal, regulatory or constitutional protections of those around him. He is a liability and danger to those around him.

23.     Defendant Township has been on notice of Defendant Maxey's unlawful behavior for **at least 10 years**, dating back to a federal lawsuit initiated by Marc Messenger (see *Messenger v. Maxey, et. al*). Therein, a prior police officer outlined that Maxey: (1) directed him "to falsify information;" (2) created a "hostile work environment;" (3) made up a pretextual rationale to terminate his employment; and (4) that "Defendant Township had a policy and custom to allow the Defendant Chief and Defendant Township Manager to do anything it [sic] wanted, even if a constitutional violation, as employees of the Township."

24.     Plaintiff informed Defendant Chief that many of his requests were inappropriate and illegal, objected and took offense to discriminatory comments and actions by Defendant Chief, and in total at least 8-10 times during his 1-year period of employment expressed opposition to unlawful, discriminatory or unconstitutional actions, gestures or comments by Defendant Chief.

25.     As a result of Plaintiff being perceived as lacking in loyalty and having the do-anything requested mentality, Defendant Chief made Plaintiff's work environment miserable – creating a clear hostile work environment towards Plaintiff (primarily during his last approximate 6 months of employment when Plaintiff was more vocal).

26. Plaintiff was subjected to: (a) a barrage of continued yelling; (b) daily and weekly disparaging comments; (c) demeaning directives; and (d) he received relatively absurd discipline on a <u>continual</u> basis.

27. The purported rationale for Plaintiff's termination adequately conveys the type of inequitable, irrational discipline Plaintiff had been previously receiving. In particular, Defendant Chief fails to supply police personnel with enough or proper equipment, supplies and gear (just one of many shortcomings). Plaintiff had to utilize a magazine pouch (which attaches to the gun belt) that he was able to find. The only other pouch(es) available didn't even fit his particular gear or weapon(s). Plaintiff was told by Defendant Chief the silver snaps were gaudy, he should not have worn that, and he terminated Plaintiff. Plaintiff was terminated effective on or about June 3, 2020.

28. Following Plaintiff's termination from employment, he sought other police personnel work and jobs. Plaintiff was declined employment; and upon information and belief, it was because of false and negative statements made by Defendant Chief / Defendant Township.

29. Defendant Township: (1) fails to engage in oversight of its police department; (2) fails to properly supervise or train its Chief and other police personnel; (3) has no dedicated Internal Affairs Department or Internal Affairs responsibilities to ensure ethics, legal compliance or checks and balances; (4) lacks any hierarchy to effectively escalate complaints or concerns; (5) knowingly permits Defendant Chief to operate in any fashion, resulting in Defendant Chief **<u>actually being the policy maker and establisher of customs and practices</u>** (likely to lead to constitutional deviations); (6) simply settles or attempts to conceal complaints by police officers made through legal means without disciplining or educating Defendant Chief; and (7) ratifies all misconduct engaged in by Defendant Chief.

**First Cause of Action**
**Violations of 42 U.S.C. § 1981**
**([1] Hostile Work Environment; [2] Retaliation; [3] Retaliatory Reference(s))**
**- Against All Defendants -**

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff was subjected to a hostile work environment on account of continual discriminatory comments in his presence, the inability to have a diverse workforce,[2] and he was retaliated against by way of discipline, hostility, termination, and negative references for objecting to discriminatory comments and directives.

32. These actions as aforesaid constitute violations of § 1981. Defendant Maxey is personally liable for such actions as he directly engaged in the retaliatory acts as set forth in this Complaint.[3]

**Second Cause of Action**
**First Amendment Violations**
**(Retaliation)**
**- Against All Defendants -**

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[2] The protections under Section 1981 are very expansive. *See e.g. Richardson v. Restaurant Marketing Associates Inc.,* 527 F.Supp. 690, 694 (N.D. Ca. 1981)(white plaintiff had standing to sue under § 1981 based on allegation that as a result of defendant's employment practices, including termination of and refusal to hire black workers and racial hostility toward and concerning black workers, "she was denied the benefits of a work environment conducive to interracial harmony and association"); *Clayton v. White Hall Sch. Dist.,* 875 F.2d 676, 679-80 (8th Cir.1989) (finding standing where plaintiff alleges hostile work environment injury from loss of association with minorities); *Waters v. Heublein, Inc.*, 547 F.2d 466, 469 (9th Cir.1976)(finding that white plaintiff had standing to sue for discrimination against blacks and persons with Hispanic-sounding surnames to sue for deprivation of "[t]he benefits of interracial harmony").

[3] To the extent this Court addresses or determines that part or all of Plaintiff's Claims in this Count of his Complaint must be pursued through 42 U.S.C. § 1983, Plaintiff brings such claims under § 1983. However, Plaintiff is pursuing claims against the individual herein in his individual capacity.

34. Plaintiff expressed opposition and complained that Chief Maxey was engaging in unlawful, unconstitutional, and statutorily prohibited practices as outlined in this lawsuit. These complaints were made by Plaintiff as a citizen and about matters of public concern.

35. Complaints about improper and/or unlawful workplace practices are legally protected First Amendment Speech, prohibiting retaliation. *See e.g. Russo v. City of Hartford*, 341 F. Supp. 2d 85, 96 (D. Conn. 2004)(Denying summary judgment and explaining "[t]here can be no doubt that [the plaintiff's] communication . . . as it concerned alleged unlawful practices of the Hartford Police Department, constitutes "speech on a matter of public concern."); *Swear v. Lawson*, 288 F. Supp. 3d 669, 680 (E.D. La. 2018)(denying summary judgment and explaining that First Amendment claims by a police officer premised upon internal complaints by him of officer misconduct and an improper quota system are matters of public concern outside of his normal job duties); *Griffin v. City of N.Y.*, 880 F. Supp. 2d 384, 388 (E.D.N.Y. 2012)(denying motion to dismiss and finding protected speech where police officer complained of pressures to improperly handle investigation); *Dahlia v. Rodriguez*, 735 F.3d 1060, 1075 (9th Cir. 2013)(reversing district court and explaining a police officer engages in protected activity anytime he raised concerns of departmental misconduct.

36. Moreover, Plaintiff's concerns to Defendant Maxey about his discriminatory language constituted protected speech (in addition to being protected under Section 1981). *See e.g. Konits v. Valley Stream Cent. High Sch. Dist.*, 394 F.3d 121, 125 (2d Cir. 2005)(reversing district court's grant of summary judgment explaining any concerns of discrimination in a workplace are protected speech under the First Amendment and a matter of public concern).[4]

---

[4] In *Larry v. Powerski,* 148 F. Supp. 3d 584, 600 (E.D. Mich. 2015), the Court rejected assertions that an "employee" somehow sheds First Amendment Protections when making a concern of racial concerns known to his or her employer, citing the Supreme Court in *Lane v. Franks*, 189 L.Ed.2d 312 (2014), and explaining:

37.     Discipline, hostility, negative references, and Plaintiff's termination on account of his protected First Amendment Speech constitute violations of his First Amendment rights to be free from retaliation.[5]

### Third Cause of Action
### The Pennsylvania Whistleblower Law (the "PWL" - 43 P.S. §§ 1421 *et. seq.*)
### (Retaliation)
### - Against All Defendants -

38.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.     Plaintiff made several "good faith report[s]" of "wrongdoing" as defined under the Pennsylvania Whistleblower Act (hereinafter "the Act") to his "employer" or a "public body." *See* 43 P.S. § 1442. Such actions included but were not limited to reports and complaints unlawful departmental conduct, unconstitutional conduct, and statutorily prohibited discriminatory conduct.

40.     Plaintiff was subjected to hostility, discipline, negative references (post-termination), and discharged from Defendant for making "good faith reports" to his employer of "wrongdoing" under the Act in violation of 43 P.S. § 1423.

41.     Plaintiff timely brings this "Civil Action" within "180 days" after the occurrence of his retaliatory termination from employment pursuant to 43 P.S. § 1424.

---

[T]he mere fact that a citizen's speech concerns information acquired by virtue of his public employment does not transform that speech into employee—rather than citizen—speech." *Ibid*. It would be unusual (and contrary to the very core of the First Amendment) to conclude, as the defendant urges, that a public employee surrenders her First Amendment protections any time she complains of unlawful activity, no matter how invidious, merely because an employer has a workplace policy that encourages or requires employees to report such conduct.

[5] To the extent this Court addresses or determines that part or all of Plaintiff's Claims in this Count of his Complaint must be pursued through 42 U.S.C. § 1983, Plaintiff brings such claims under § 1983. However, Plaintiff is pursuing claims against the individual herein in his individual capacity.

## Fourth Cause of Action
### Defamation (by and through 42 U.S.C. § 1983)
### - Against All Defendants -

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Plaintiff sought employment for subsequent police officer roles with other departments following his termination from employment with Defendant Township.

44. Plaintiff was denied other police opportunities and job offers as a direct, proximate and actual cause of false, malicious and improper statements and/or references by Defendants.

45. In the instant case, Plaintiff suffered stigmatizing statements which caused actual employment opportunities to be lost, denying him liberty and/or property entitlements. Plaintiff has and continues to suffer reputation, economic, and career losses a result.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policies, practices, or customs of retaliating against employees and are to be ordered to promulgate an effective policy against such discrimination/retaliation and to adhere thereto (awarding Plaintiff such injunctive and/or equitable relief);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, bonuses and medical and other benefits.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination or retaliation at the hands of Defendants until the date of verdict (in addition to front pay or other equitable relief);

C. Plaintiff is to be awarded reinstatement with Defendant Township, unless a court determines such a remedy is impractical or impossible; and alternatively, any other damages in lieu of such relief.

D. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish the individually-named Defendants in this action for their willful, deliberate, malicious and outrageous conduct, and to deter others from engaging in such misconduct in the future;

E. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s)).

F. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

G. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

H. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

    Respectfully submitted,

    **KARPF, KARPF & CERUTTI, P.C.**

    _____
    Ari R. Karpf, Esquire
    3331 Street Road
    Building 2, Suite 128
    Bensalem, PA 19020
Dated: November 24, 2020    (215) 639-0801

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Joseph Moore                           :           CIVIL ACTION
     v.                                :
Lower Frederick Township, et al.       :           NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 11/24/2020 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2793 N. Charlotte Street, Gilbertsville, PA 19525

Address of Defendant: 53 Spring Mount Road, Schwensville, PA 19473

Place of Accident, Incident or Transaction: Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/24/2020    _____    ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/24/2020    _____    ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MOORE, JOSEPH

## DEFENDANTS
LOWER FREDERICK TOWNSHIP, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | X 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981, PA Whistleblower Law, First Amendment protections and PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/24/2020

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]